Brian J. Mankin, Esq. [CSB No. 216228]
Misty M. Lauby, Esq. [CSB No. 243009]
FERNANDEZ & LAUBY LLP
4590 Allstate Drive
Riverside, CA  92501
Tel:  (951) 320-1444
Fax: (951) 320-1445
bjm@fernandezlauby.com
mml@fernandezlauby.com

Attorneys for Plaintiff NORMA GARCIA, individually, on a representative basis, and on behalf of all others similarly situated

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION (RIVERSIDE)

| | |
|---|---|
| NORMA GARCIA, individually, on a representative basis, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>TAPESTRY, INC., a Maryland Corporation which will do business in California as Coach Leatherware California, Inc. DBA Coach; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 5:18-cv-1537 DMG (SHK)<br><br>[Assigned for all purposes to Hon. Dolly M. Gee]<br><br>**FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION CLAIMS**<br><br>(1)  Failure to Pay Wages for All Hours Worked;<br>(2)  Failure to Provide Meal Periods;<br>(3)  Failure to Provide Rest Breaks;<br>(4)  Failure to Timely Pay Final Wages;<br>(5)  Failure to Provide Accurate Itemized Wage Statements;<br>(6)  Failure to Indemnify/Reimburse for Business Expenses; and<br>(7)  Unfair and Unlawful Competition<br><br>**PAGA CLAIMS**<br><br>(8)  PAGA Assessment for Failure to Pay Wages for All Hours Worked;<br>(9)  PAGA Assessment for Failure to Provide Meal Periods;<br>(10)  PAGA Assessment for Failure to Provide Rest Breaks; |

(11)   PAGA Assessment for Failure to Timely Pay Wages;

(12)   PAGA Assessment for Failure to Provide Accurate Itemized Wage Statements; and

(13)   PAGA Assessment for Failure to Indemnify/Reimburse for Business Expenses

Date Action Filed: June 13, 2018
Date of Removal   July 19, 2018

Plaintiff NORMA GARCIA ("Plaintiff"), on behalf of herself, on a representative basis, and on behalf of others similarly situated, complains and alleges as follows.

## I.   INTRODUCTION AND GENERAL ALLEGATIONS

1.      Plaintiff brings this action against her former employers, TAPESTRY, INC., a Maryland Corporation which will do business in California as Coach Leatherware California, Inc. dba Coach, and DOES 1 through 10, (hereinafter collectively "Defendants") on behalf of herself, and all other similarly situated current and former non-exempt, hourly employees who work as "Associate Managers" and/or "Assistant Managers" and were employed by Defendants in the State of California (hereinafter, the "Represented Employees" or "aggrieved employees"), for California Labor Code violations stemming from Defendants' failure to pay minimum and overtime wages, failure to provide mandated meal periods, failure to provide rest breaks, failure to timely pay final wages, and failure to provide accurate itemized wage statements.

2.      Plaintiff was employed by Defendants as a non-exempt Associate Manager from February 2016 through March 2018.

3.      Plaintiff alleges on information and belief that the Represented Employees were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during her employment.

4.      During her employment with Defendants, Plaintiff and Represented Employees were not provided proper minimum and overtime wages due to Defendants' failure to accurately record and compensate for all hours worked.  Plaintiff and all Represented Employees were

required to undergo off-the-clock security checks of their personal belongings and pockets each time she left the store for meal breaks, and at the end of her shift. Plaintiff and Represented Employees were required to wait for another manager to be available to conduct the off-the-clock security check which resulted in significant uncompensated wait time in addition to the time it took to conduct the security checks.

5. Because of the delayed security checks, Plaintiff's meal and rest breaks were cut short and, thus, Plaintiff did not receive meal and rest breaks as mandated by law.

6. Additionally, Plaintiff and all Represented Employees who worked the closing shift were also required to conduct an off-the-clock security procedure that required them to set the alarm and secure and lock all exterior doors which required the closing managers to walk the entire perimeter of the store. Once they reached the last door, Plaintiff and other managers present then conducted their off-the-clock security check of their personal belongings and pockets.

7. As a result of the off-the-clock security check policy, Plaintiff and Represented Employees were not paid for all hours worked.

8. As a result of the off-the-clock security check policy, Plaintiff and Represented Employees, Defendants failed to account for this time in the calculations of overtime.

9. Additionally, Plaintiff and Represented Employees also were not compensated for all hours that they worked because Defendants did not properly calculate all bonus/incentive pay into their regular rate of pay.

10. As a result of Defendants' off-the-clock security check policy, Defendants failed to account for this time in the calculations of overtime.

11. Plaintiff further alleges she and the Represented Employees were denied compliant 30-minute off-duty meal periods, as mandated by California law, due to: (1) Defendants' policy of only allowing a meal period if and when the meal period could be accommodated by Plaintiff's workload, (2) imposing so much work on Plaintiff that she was forced to take her meal period after the fifth or sixth hour of her shift, and (3) requiring Plaintiff to undergo security checks during her meal periods.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

12.     Also, at all relevant times, Plaintiff and the Represented Employees were not provided with 10 minutes of net rest break time for every four hours of work, or major fraction thereof, as required by California law due to: (1) Defendants' policy of not scheduling each rest break as part of each work shift, (2) Defendants' policy that only permitted Plaintiff to take a rest break if and when such rest break could be accommodated by her workload, (3) Defendants' practice of imposing so much work on Plaintiff that prevented her from taking her rest break, and (4) Defendants' practice of requiring Plaintiff to undergo security checks during her rest break.

13.     Plaintiff also was not paid all wages due and owing upon her separation of employment within the time required by Labor Code §§ 201 – 203.   Plaintiff further alleges that Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Represented Employees at the time their employment ended with Defendants, including, but not limited to minimum wages, overtime wages, wage premiums, among others.

14.     Plaintiff also alleges that she and the Represented Employees did not receive accurate itemized wage statements that fully complied with the requirements of Labor Code § 226(a), as the wage statements that Defendants provided to Plaintiff and the Represented Employees failed to accurately state all applicable hourly rates, gross wages earned, net wages earned, and all deductions.

15.     Plaintiff further alleges that during her employment with Defendants, Plaintiff and the Represented Employees were forced to incur expenses while discharging their duties to Defendants.  For example, Plaintiff and the Represented Employees were required by Defendants to acquire and maintain a personal vehicle at their own expense to perform their duties for Defendants.  Plaintiff and the Represented Employees also incurred substantial expenses for gas mileage and routine maintenance on their vehicles while discharging their duties on behalf of Defendants, yet did not receive reimbursement from Defendants. Further, Plaintiff and Represented Employees were required to acquire and maintain a smart phone and related monthly data plan to communicate with Defendants via phone and text message.

16.     Plaintiff alleges that Defendants' violations of the wage and hour components of the Labor Code and IWC Wage Orders enabled it to decrease expenses and to increase its level

of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its competitors.

17. At all material times, Defendants and DOES 1 through 10 were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 and under California law, including *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112.

18. Plaintiff brings this lawsuit seeking declaratory, injunctive, equitable, and monetary relief against Defendants, on behalf of himself and the Represented Employees to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to California Labor Code §§ 201, 202, 203, 204, 208, 218.6, 226, 226.7, 256, 510, 512, 558, 1194, 1194.2, 1197 and 2802, among possibly other sections inadvertently omitted. Plaintiff also reserves the right to name additional representatives throughout the State of California.

## II. JURISDICTION

19. This Court has jurisdiction over the claims for relief of Plaintiff and the Represented Employees pursuant to the Labor Code and the IWC Wage Orders, among other sections.

## III. VENUE

20. Venue as to Defendants is proper in this Court, pursuant to Code of Civil Procedure § 395(a). Defendants transacts business in Riverside County and the unlawful acts alleged herein have a direct effect on Plaintiff and the Represented Employees in Riverside County. Furthermore, Defendants employed or employ Plaintiff and certain Represented Employees in Riverside County.

## IV. PARTIES

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

**Plaintiff**

21.    Plaintiff and Class Representative NORMA GARCIA was employed by Defendants from approximately February 2016 to March 2018, and performed work for Defendants in Riverside County, California.

**Defendants**

22.    Plaintiff is informed and believes and thereon alleges that Defendants TAPESTRY, INC., is a Maryland Corporation authorized to and doing business in Riverside County, California, and is and/or was the legal employer of Plaintiff and the Represented Employees during the applicable statutory periods.

23.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiff and all Represented Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

24.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, DOES 1 though 10, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendants are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendants exists such that all Defendants acted as a single employer of Plaintiff and other similarly situated employees.

**V.    CLASS ACTION ALLEGATIONS**

25.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

26.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.

27.    The relevant time period for this class action is defined as the time period

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

FIRST AMENDED COMPLAINT
-6-

beginning four years prior to the filing of this action until judgment is entered (the "Relevant Time Period").

28.     The Class (collectively referred to as the "Represented Employees") that Plaintiff seeks to represent is defined as follows: "All current and former non-exempt employees with the titles of Associate Manager and/or Assistant Manager employed by Defendants in the State of California during the Relevant Time Period."  The subclasses that Plaintiff seeks to represent are defined as follows:

**Security Checkpoint Subclass**

All current and former non-exempt employees with the titles of Associate Manager and/or Assistant Manager employed by Defendants in the State of California and who were required to go through a security checkpoint during a meal period, rest break and/or at the end of his/her shift during the Relevant Time Period.

**Meal Break Subclass**

All current and former non-exempt employees with the titles of Associate Manager and/or Assistant Manager employed by Defendants in the State of California who worked a shift in excess of 5 hours during the Relevant Time Period.

**Rest Break Subclass**

All current and former non-exempt employees with the titles of Associate Manager and/or Assistant Manager employed by Defendants in the State of California who worked a shift of at least 3.5 hours during the Relevant Time Period.

**Waiting Time Penalty Subclass**

All current and former employees with the titles of

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Associate Manager and/or Assistant Manager employed by Defendants in the State of California who separated from their employment with Defendants during the period three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalty Subclass**

All current and former non-exempt employees with the titles of Associate Manager and/or Assistant Manager employed by Defendants in the State of California during the period one year before the filing of this action and ending when final judgment is entered.

**Unreimbursed Business Expenses Subclass**

All current and former non-exempt employees with the titles of Associate Manager and/or Assistant Manager employed by Defendants in the State of California who incurred expenses as a direct consequence of their employment with Defendants and/or under the direction of Defendants, including, but not limited to, the cost of acquiring and maintaining their personal vehicle, gas expenses, maintenance and upkeep expenses, licensing fees, cellular phone expenses, among others during the Relevant Time Period.

29. Plaintiff reserves the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

30. Plaintiff, as Class Representative, is a member of the classes that she seeks to represent.

31. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

32. **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

33. **Commonality:** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation:

    i. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay wages to Plaintiff and the Security Checkpoint Subclass for all hours worked, including minimum and overtime wages;

    ii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide compliant meal periods to Plaintiff and the Meal Period Subclass and whether Defendants failed to compensate Plaintiff and the Meal Period Subclass with one additional hour of wages for each instance when a compliant meal period was not provided;

    iii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide paid rest breaks consisting of a net 10-minutes to Plaintiff and Rest Break Subclass and whether Defendants failed to compensate Plaintiff and the Rest Break Subclass with one additional hour of wages for each instance when a compliant rest break was not provided;

    iv. Whether Defendants violated the California Labor Code by failing to timely pay all wages due and owing upon separation of employment between Defendants and Plaintiff and the Waiting Time Penalty Subclass, whether such separation was voluntary or involuntary;

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

v.      Whether Defendants violated the California Labor Code by failing to provide Plaintiff and the Wage Statement Subclass with complete, accurate, itemized wage statements;

vi.      Whether Defendants violated the California Labor Code by failing to indemnify Plaintiff and the Unreimbursed Business Expenses Subclass for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties;

vii.      Whether Defendants violated California Business & Professions Code §§ 17200 *et seq.* due to the: failure to pay proper minimum and overtime wages; failure to provide mandated meal periods; failure to provide mandated paid rest breaks; and failure to timely pay final wages;

viii.      Whether Defendants violated § 17200 *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 204, 208, 210, 218.6, 221, 223, 226, 226.3, 226.7, 256, 510, 512, 1194, 1194.2, 1197 and 2802, among possibly other sections inadvertently omitted, and the applicable IWC Wage Order, which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

ix.      Whether Plaintiff and Represented Employees are entitled to equitable relief pursuant to California Business & Professions Code §§ 17200 *et seq.*

34.      **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the claims of The Class.  Plaintiff, like other members of The Class, was subjected to Defendants' ongoing Labor Code and Wage Order violations including the failure to pay wages for all hours worked, failure to provide mandated meal periods, failure to provide mandate paid rest breaks, failure to timely pay final wages, and failure to provide accurate itemized wage statements, and failure to reimburse business expenses.

35.      **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict with those of the Class. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

_____

36. **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Represented Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS WORKED

(Labor Code §§ 510, 1194, 1194.2, 1197; IWC Wage Order § 3-4)

(*On Behalf of Plaintiff and the Security Checkpoint Subclass*)

37. Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

38. Plaintiff and the Security Checkpoint Subclass were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

39. At all relevant times, Defendants failed to compensate Plaintiff and the Security Checkpoint Subclass for all minimum and/or regular wages owed due to Defendants' failure to accurately record and compensate for all hours worked.

40. Also, at all relevant times, Defendants failed to compensate Plaintiff and the Security Checkpoint Subclass for all minimum and/or regular wages owed due to Defendants' policy and practice of subjecting members of the Security Checkpoint Subclass to off-the-clock security checks and requiring that they conduct an off-the-clock lock up procedure at the end of the last shift of each day.

41. Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 1194, 1194.2, 1197, IWC Wage Order § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

42. Also, Plaintiff and the Security Checkpoint Subclass were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing payment of overtime wages.

43. Labor Code § 204 requires that the employer timely pay all overtime wages to its employees. Labor Code § 510(a) and the applicable IWC Wage Order § 3(A) provide that any work performed in excess of 8 hours in one workday or in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Furthermore, any work performed in excess of twelve 12 in one workday shall be compensated at twice the regular rate of pay for an employee.

44. At all relevant times, Plaintiff and the Security Checkpoint Subclass were often required to work in excess of 8 and/or 12 hours per day and/or 40 hours per week. However, due to Defendants' failure to accurately record and compensate for all hours worked, Defendants failed to include this unrecorded time in the calculations for overtime hours worked and overtime wages owed.

45. Defendants violate Labor Code §§ 204 and 510 and the applicable IWC Wage Order § 3(A) every pay period with respect to Plaintiff and the Security Checkpoint Subclass because Defendants failed to pay Plaintiff and the Security Checkpoint Subclass for all overtime hours worked, and required Plaintiff and the Security Checkpoint Subclass to work without being properly compensated for all overtime wages earned.

46. Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Security Checkpoint Subclass for each hour worked in violation of Labor Code §§ 204, 221-223, 510, 1194 and 1197.

47. Defendants' conduct was willful, as Defendants knew that Plaintiff and the Security Checkpoint Subclass were entitled to be paid wages throughout the statutory period for each hour worked, including proper minimum, regular and overtime wages, yet Defendants chose not to pay them in accordance thereto.

48. At all material times, Defendants1 through 10 were and/or are Plaintiff's and the

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

_____

FIRST AMENDED COMPLAINT
-12-

Security Checkpoint Subclass' employers or persons acting on behalf of Plaintiff's and the Security Checkpoint Subclass' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated Labor Code § 204 and a provision or provisions of Part 2, Chapter 1 of the California Labor Code regulating hours and days of work respectively.

49.     During Plaintiff's and the Security Checkpoint Subclass' employment, Defendants failed to pay them all wages to which they were entitled, thereby receiving an economic benefit.

50.     As a result of Defendants' wrongful conduct, Plaintiff and the Security Checkpoint Subclass have been damaged in amounts to be proven at trial.

51.     Plaintiff, on behalf of herself and the Security Checkpoint Subclass, seek recovery of all unpaid wages, including unpaid minimum, regular and overtime wages, liquidated damages, penalties, interest, attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194 and 1194.2, among other Labor Code sections, against Defendants in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)

(*On Behalf of Plaintiff and the Meal Period Subclass*)

52.     Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

53.     Plaintiff and members of the Meal Period Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

54.     Labor Code § 226.7 requires employers, including Defendants, to provide non-exempt employees with meal periods as mandated by the Industrial Welfare Commission.

55.     Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes,

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

56. Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each meal period that is missed.

57. At all relevant times herein, Plaintiff and members of the Meal Period Subclass were denied compliant 30-minute off-duty meal periods, as mandated by California law, during their employment with Defendants due to: (1) Defendants' policy of only allowing a meal period if and when the meal period could be accommodated by Plaintiff's workload, (2) imposing so much work on Plaintiff that she was forced to take her meal period after the fifth or sixth hour of her shift, and (3) requiring Plaintiff to undergo security checks during her meal periods.

58. Plaintiff further alleges that he and the Meal Period Subclass often worked in excess of ten hours in a shift, but Defendants' policy did not provide for a second meal period on such occasions.

59. Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Meal Period Subclass because Plaintiff and the Meal Period Subclass were not provided with all mandatory meal and Defendants failed to pay Plaintiff and the Meal Period Subclass one additional hour of compensation in lieu thereof.

60. At all relevant times herein, Defendants failed to provide Plaintiff and the Meal Period Subclass all mandated meal periods and failed to pay wage premiums in lieu of mandated meal or rest periods, thereby receiving an economic benefit.

61. On information and belief, Plaintiff and the Meal Period Subclass did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the Meal Period Subclass were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an

unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Meal Period Subclass to take meal periods in accordance with California law.

62. By their failure to provide Plaintiff and the Meal Period Subclass with meal periods as required by California law, and failing to pay one hour of additional wages in lieu of each meal period not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 11. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period and/or paid rest break was not lawfully provided in an amount to be proven at time of trial.

63. Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 11, Defendants, and each of them, are liable to Plaintiff and the Meal Period Subclass for unpaid wage premiums, penalties, costs, and interest.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

(Labor Code § 226.7 and 512; IWC Wage Order § 12)

(*On Behalf of Plaintiff and the Rest Break Subclass*)

64. Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

65. Plaintiff and members of the Rest Break Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

66. Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

67. The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

---

68. Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

69. At all relevant times, Plaintiff and the Rest Break Subclass were not provided with 10 minutes of net rest break time for every four hours of work, or major fraction thereof, as required by California law due to: (1) Defendants' policy of not scheduling each rest break as part of each work shift, (2) Defendants' policy that only permitted Plaintiff to take a rest break if and when such rest break could be accommodated by her workload, (3) Defendants' practice of imposing so much work on Plaintiff that prevented her from taking her rest break, and (4) Defendants' practice of requiring Plaintiff to undergo security checks during her rest break.

70. Furthermore, Plaintiff and the Rest Break Subclass often worked in excess of ten hours in a shift, but Defendants' policy did not provide for a third rest break on such occasions.

71. Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Rest Break Subclass because Plaintiff and the Rest Break Subclass were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Rest Break Subclass one additional hour of compensation in lieu thereof.

72. At all relevant times herein, Defendants failed to provide Plaintiff and the Rest Break Subclass all mandated rest breaks and failed to pay wage premiums in lieu of mandated rest periods, thereby receiving an economic benefit.

73. By their failure to provide Plaintiff and the Rest Break Subclass with rest breaks as required by California law, and failing to pay one hour of additional wages in lieu of each rest break not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a paid rest break was not lawfully provided in an amount to be proven at time of trial.

74. Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 12, Defendants, and each of them, are liable to Plaintiff and the Rest

Break Subclass for unpaid wage premiums, penalties, costs, and interest.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY FINAL WAGES

(Labor Code § 201 – 203)

(*On Behalf of Plaintiff and the Waiting Time Penalty Subclass*)

75.     Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

76.     Plaintiff and the Waiting Time Penalty Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

77.     Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

78.     Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

79.     Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

80.     At all relevant times here, Defendants employed a policy and practice whereby Plaintiff and the Waiting Time Penalty Subclass were not paid all wages due and owing upon separation of employment within the time required by Labor Code §§ 201 and 202.

81.     Also, at all relevant times, Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Waiting Time Penalty Subclass upon separation of employment, including, but not limited to minimum wages, regular wages, overtime wages, wage premiums, among others.

82.     Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and the Waiting Time Penalty Subclass all wages due and owing upon separation of employment as required by Labor Code §§ 201 and

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

202.  Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiff and the Waiting Time Penalty Subclass the above-described waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

(*On Behalf of Plaintiff and the Wage Statement Penalty Subclass*)

83.  Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

84.  Plaintiff and the Wage Statement Penalty Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

85.  Labor Code § 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

86.  At all relevant times, the wage statements that Defendants provided to Plaintiff and the Wage Statement Penalty Subclass failed to accurately state all applicable hourly rates.

87.  Furthermore, as a result of the violations alleged herein, the wage statements that Defendants provided to Plaintiff and the Wage Statement Penalty Subclass failed to accurately state the hours worked at each applicable rate, gross wages earned, all deductions, and the net wages earned.

88.  Therefore, Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Wage Statement Penalty Subclass because Defendants failed to provide complete and accurate wage statements to Plaintiff and the Wage Statement Penalty Subclass that complied with the requirements of Labor Code § 226(a).

89.  Defendants' failure to provide the required writing deprived Plaintiff and the

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Wage Statement Penalty Subclass of the ability to know, understand, and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Therefore, Plaintiff and the Wage Statement Penalty Subclass had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to said Defendants. As a direct result, Plaintiff and the Wage Statement Penalty Subclass have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damages in amounts according to proof at trial.

90.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and the Wage Statement Penalty Subclass have suffered an injury in that each was prevented from knowing, understanding and disputing the wage payments paid to them.  Furthermore, Plaintiff and the Wage Statement Penalty Subclass have each suffered an injury in that the failure to show all wages earned on the itemized wage statements resulted in Plaintiff and the Wage Statement Penalty Subclass being denied all necessary deductions, payments, and withholdings owed by the employer, including, but not limited to, the failure to make all necessary contributions for unemployment benefits, social security benefits, proper payment of taxes and withholdings, and other mandated state and federal benefits.

91.    Plaintiff has also been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

92.    Labor Code § 226(e) requires said Defendants to pay the greater of all actual damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to Plaintiff and the Wage Statement Penalty Subclass who were injured by Defendants' failure to comply with Labor Code § 226(a).  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

# SIXTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY/REIMBURSE BUSINESS EXPENSES

(Labor Code § 2802)

(*On Behalf of Unreimbursed Business Expense Subclass*)

93.     Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

94.     Plaintiff and Unreimbursed Business Expenses Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

95.     Labor Code § 2802(a) requires that the employer indemnify its employees for expenses and losses incurred while discharging their duties or in obedience to the directions of their employer.

96.     At all relevant times herein mentioned, as a condition of employment, Plaintiff and the Unreimbursed Business Expenses Subclass were required to incur expenses in direct consequence of the discharge of their duties.  For example, the Defendants required Plaintiff and Unreimbursed Business Expenses Subclass to acquire and maintain a smart phone and related monthly data plan to communicate with Defendants via application.  Furthermore, Plaintiff and Unreimbursed Business Expenses Subclass incurred various expenses in relation to the use and maintenance of their personal vehicles to carry out their duties for the Defendants, including mileage expenses, without reimbursement, among others, while discharging their duties for Defendants.  However, Defendants failed to reimburse Plaintiff and the Unreimbursed Business Expenses Subclass for such expenses.

97.      At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the Unreimbursed Business Expenses Subclass for expenses incurred as a direct consequence of Plaintiff's employment with Defendants and/or under the direction of Defendants, including, but not limited to, the cost of acquiring and maintaining their personal vehicle, gas expenses, maintenance and upkeep expenses, licensing fees, cellular phone expenses, among others.

FIRST AMENDED COMPLAINT
-20-

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

98. Defendants violated Labor Code § 2802 every pay period with respect to Plaintiff and each and member of the Unreimbursed Business Expenses Subclass because Defendants failed to reimburse Plaintiff and the Unreimbursed Business Expenses Subclass for expenses incurred while discharging their duties or obedience to the directions of their employer.

99. At all relevant times herein, Defendants failed to reimburse the Unreimbursed Business Expenses Subclass, including Plaintiff, for expenses incurred while discharging duties to Defendants, thereby receiving an economic benefit.

100. As a direct result of Defendants' violation of Labor Code § 2802 and IWC Wage Order § 9(B), Plaintiff and the Unreimbursed Business Expenses Subclass have suffered, and continue to suffer, substantial losses related to such incurred expenses, expenses, and attorney's fees in seeking to compel Defendants to fully perform their obligations under the law, all in an amount to be proved at time of trial.

101. Labor Code § 2802(b) states that "[a]ll awards made by a Court for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the employee incurred the necessary expenditure or loss including, but not limited to, reasonable costs and attorney's fees incurred by the employee enforcing the rights granted pursuant to Labor Code § 2802. The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

102. Furthermore, Labor Code § 2802(c) states that "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee in enforcing the rights granted by this section." Therefore, Plaintiff and the Unreimbursed Business Expenses Subclass seek to recover the unreimbursed expenses, interest on the unreimbursed expenses, and the costs and attorney's fees necessarily incurred in pursuing same. The exact amount of reimbursements, interest, costs, and attorney's fees will be in an amount to be proved at the time of trial.

---

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

## SEVENTH CAUSE OF ACTION

### UNFAIR AND UNLAWFUL COMPETITION

(Business and Professions Code § 17200 *et seq.*)

(*On Behalf of Plaintiff and the Represented Employees*)

103. Plaintiff incorporates the preceding paragraphs of the First Amended Complaint as if fully alleged herein.

104. California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice." The Represented Employees, including Plaintiff, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein.

105. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

106. As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failure to pay minimum and overtime wages, failure to provide mandated meal periods and rest breaks, and failure to timely pay final wages, all in order to decrease their costs and increase their profits.

107. At all times relevant herein, Defendants did not pay Plaintiff and the Represented Employees wages and monies and other financial obligations to which they were entitled.

108. As a result of Defendants' failure to comply with the Labor Code and IWC Orders, Represented Employees, including Plaintiff, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus. & Prof. Code § 17200, *et seq.*

109. Defendants' violations of the California Labor Code and IWC Wage Orders and its scheme to lower its payroll costs as alleged herein, constitute unlawful and unfair business practices because it was done in a systematic manner over a period of time to the detriment of the Plaintiff and all others similarly-situated.

110. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Represented Employees, and to the general public.

Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

111. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

112. Plaintiff, individually, and on behalf of the Represented Employees, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of the Represented Employees, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

113. Plaintiff, individually, and on behalf of the Represented Employees, is entitled to, and does seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Plaintiff and Represented Employees have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Represented Employees are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

114. Plaintiff, individually, and on behalf of the Represented Employees, is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

115. Pursuant to Business & Professions Code §§ 17200, et seq., Plaintiff and Represented Employees are entitled to restitution of the wages withheld and retained by

Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Represented Employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## VI.    LABOR CODE PRIVATE ATTORNEY GENERAL ACT CAUSES OF ACTION (Labor Code § 2698 – 2699.5)

116.    Plaintiff Garcia is an "aggrieved employee" under the PAGA as she was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein.  As Such, Plaintiff may recover the remedies described herein in a civil action filed on behalf of herself and all other similarly situated current and former aggrieved employees in California against whom one or more of the alleged violations was committed.

117.    Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.   Therefore, Plaintiff is not required to, nor does he, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

118.    Pursuant to Labor Code § 2699.3(a), on May 10, 2018, Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have elapsed since the date Plaintiff provided the written notice of the claims alleged herein without the LWDA assuming jurisdiction over the claims alleged.  Accordingly, Plaintiff has fully satisfied the administrative prerequisites to suit under the PAGA.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

## EIGHTH CAUSE OF ACTION

## PAGA ASSESSMENT FOR FAILURE TO PAY WAGES FOR ALL HOURS WORKED

### (Labor Code §§ 204, 223, 510, 1194, 1194.2, 1197; IWC Wage Order § 4)

119. Plaintiff realleges and incorporates the paragraphs 1 – 24 and 116 – 118 of the First Amended Complaint as if fully alleged herein.

120. Plaintiff and aggrieved employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

121. At all relevant times herein, failed to compensate Plaintiff and the aggrieved employees for all minimum and/or regular wages owed due to Defendants' policy and practice of subjecting aggrieved employees to off-the-clock security checks and requiring that they conduct an off-the-clock lock up procedure at the end of the last shift of each day.

122. Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 204, 223, 1194, 1194.2, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

123. Also, Plaintiff and the Security Checkpoint Subclass were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing payment of overtime wages.

124. Labor Code § 204 requires that the employer timely pay all overtime wages to its employees. Labor Code § 510(a) and the applicable IWC Wage Order § 3(A) provide that any work performed in excess of 8 hours in one workday or in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Furthermore, any work performed in excess of twelve 12 in one workday shall be compensated at twice the regular rate of pay for an employee.

125. At all relevant times, Plaintiff and the aggrieved employees were often required to work in excess of 8 and/or 12 hours per day and/or 40 hours per week. However, due to Defendants' failure to accurately record and compensate for all hours worked, Defendants failed to include this unrecorded time in the calculations for overtime hours worked and overtime

wages owed.

126.    Defendants violate Labor Code §§ 204 and 510 and the applicable IWC Wage Order § 3(A) every pay period with respect to Plaintiff and the aggrieved employees because Defendants failed to pay Plaintiff and the aggrieved employees for all overtime hours worked, and required Plaintiff and the aggrieved employees to work without being properly compensated for all overtime wages earned.

127.    Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to her and the aggrieved employees for each hour worked in violation of Labor Code §§ 223, 510, 1194 and 1197.

128.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

### NINTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO PROVIDE COMPLIANT MEAL PERIODS**

(Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)

129.    Plaintiff incorporates the paragraphs 1 – 24 and 116 – 128 of the First Amended Complaint as if fully alleged herein.

130.    Plaintiff and the aggrieved employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

131.    Labor Code § 226.7 requires employers, including Defendants, to provide non-exempt employees with meal periods as mandated by the Industrial Welfare Commission.

132.    Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. Employers may not employ an employee for a work period more than 10 hours per day without

FIRST AMENDED COMPLAINT
-26-

providing the employee with a second meal period of not less than 30 minutes.

133. Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each meal period that is missed.

134. At all relevant times herein, Plaintiff and the aggrieved employees were denied the 30-minute meal periods to which they were entitled.

135. At all relevant times, Plaintiff and the aggrieved employees were denied 30-minute off-duty meal periods, as mandated by California law, during their employment with Defendants due to: (1) Defendants' policy of only allowing a meal period if and when the meal period could be accommodated by Plaintiff's workload, (2) imposing so much work on Plaintiff that she was forced to take her meal period after the fifth or sixth hour of her shift, and (3) requiring Plaintiff to undergo security checks during her meal periods. As such, Plaintiff and the aggrieved employees were regularly not provided with uninterrupted meal periods of at least 30 minutes, as required by California law.

136. Plaintiff further alleges that he and aggrieved employees often worked in excess of ten hours in a shift, but Defendants' policy did not provide for a second meal period on such occasions.

137. On information and belief, Plaintiff and the aggrieved employees did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the aggrieved employees were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and the aggrieved employees to take meal periods in accordance with California law.

138. Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the aggrieved employees because Plaintiff and the aggrieved employees were not provided with all mandatory meal and Defendants failed to pay Plaintiff and the aggrieved employees one additional hour of compensation in lieu thereof.

139. As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## TENTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO PROVIDE REST BREAKS

(Labor Code § 226.7 and 512; IWC Wage Order § 12)

140. Plaintiff incorporates the paragraphs 1 – 24 and 116 – 139 of the First Amended Complaint as if fully alleged herein.

141. Plaintiff and the aggrieved employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

142. Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

143. The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

144. Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

145. At all relevant times herein, Plaintiff and the aggrieved employees were not provided with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law due to: (1) Defendants' policy of not scheduling each rest break as part of each work shift, (2) Defendants' policy that only permitted Plaintiff to take a rest break if and when such rest break could be accommodated by her workload, (3) Defendants' practice of imposing so much work on Plaintiff that prevented her from taking her rest break, and

(4) Defendants' practice of requiring Plaintiff to undergo security checks during her rest break. As a result, Plaintiff and the aggrieved employees were not provided net rest periods of at least 10 minutes for each 4-hour work period, or major fraction thereof.

146.    Furthermore, Plaintiff and the aggrieved employees often worked in excess of ten hours in a shift, but Defendants' policy did not provide for a third rest break on such occasions.

147.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the aggrieved employees because Plaintiff and the aggrieved employees were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the aggrieved employees one additional hour of compensation in lieu thereof.

148. As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## ELEVENTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY WAGES

(Labor Code §§ 201 – 204)

149.    Plaintiff incorporates the paragraphs 1 – 24 and 116 – 148 of the First Amended Complaint as if fully alleged herein.

150.    Plaintiff and the aggrieved employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

151.    Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

152.    Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

153.    Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is

commenced, but the wages shall not continue for more than thirty (30) days.

154. At all relevant times, Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the aggrieved employees upon separation of employment, including, but not limited to minimum and overtime wages, wage premiums, among others.

155. Furthermore, Labor Code § 204(a) states that all wages earned by a person are due and payable twice during each calendar month, and further states that wages earned during the first through fifteenth days of the month must be paid no later than the twenty-sixth day of the month, and that wages earned between the sixteenth and last day of the month must be paid by the tenth day of the following month. Labor Code § 204(d) states "[t]he requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

156. At all relevant times herein, Defendants did not provide Plaintiff and the aggrieved employees with all wages due and owing each pay period, including, but not limited to, minimum, regular, and overtime wages, as well as meal and rest period premiums, within the time specified by Labor Code § 204.

157. Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and the aggrieved employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.

158. As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

### TWELFTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

159. Plaintiff incorporates the paragraphs 1 – 24 and 116 – 158 of the First Amended Complaint as if fully alleged herein.

160.   Plaintiff and the aggrieved employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

161.   Labor Code § 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

162.   Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the aggrieved employees because Defendants failed to provide a wage statement to Plaintiff and the aggrieved employees that complied with the requirements of Labor Code § 226(a) by failing to accurately state gross wages earned, failure to accurately state total hours worked, failure to accurately state all deductions, failure to accurately state net wages earned, and failure to state all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

163.  As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## THIRTEENTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Labor Code § 2802)

164.   Plaintiff realleges incorporates the paragraphs 1 – 24 and 116 – 163 of the First Amended Complaint as if fully alleged herein.

165.   Plaintiff and the aggrieved employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

166.   Labor Code § 2802(a) requires that the employer indemnify its employees for expenses and losses incurred while discharging their duties or in obedience to the directions of

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

their employer.

167. At all relevant times herein mentioned, as a condition of employment, Plaintiff and the aggrieved employees were required, among other things, to acquire and maintain a smart phone and related monthly data plan to communicate with Defendants via application. Furthermore, Plaintiff and aggrieved employees incurred various expenses in relation to the use and maintenance of their personal vehicles to carry out their duties for the Defendants, including mileage expenses, without reimbursement, among others, while discharging their duties for Defendants. However, Defendants failed to reimburse Plaintiff and the aggrieved employees for such expenses.

168. At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the aggrieved employees for expenses incurred as a direct consequence of Plaintiff's employment with Defendant and/or under the direction of Defendants, including, but not limited to, the cost of acquiring and maintaining their personal vehicle, gas expenses, maintenance and upkeep expenses, licensing fees, and cellular phone expenses,.

169. Defendants violated Labor Code §2802 every pay period with respect to Plaintiff and each and every aggrieved employees because Defendant failed to reimburse Plaintiff and the aggrieved employees for expenses incurred while discharging their duties or obedience to the directions of their employer.

170. As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, on a representative basis, and all others similarly situated prays for judgment and relief against Defendants, jointly and severally, as follows:

1. As to the Eighth through Thirteenth Causes of Action, the Assessment of all applicable and available remedies under the PAGA in accordance with Labor Code § 2699 and/or any other damages permitted under the PAGA provided for by the California Labor Code

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Private Attorneys General Act of 2004 (Labor Code § 2698, *et seq.*) as a result of Defendants' violations of the Labor Code as alleged herein;

2. For reasonable Attorneys' fees and costs as permitted under the PAGA;

3. That the First through Seventh Causes of Action be certified as a class action;

4. That Plaintiff be appointed as Class Representative;

5. That counsel for Plaintiff be appointed Class Counsel;

6. For all applicable statutory penalties recoverable under the First through Seventh Causes of Action to the extent permitted by law, including those pursuant to Labor Code and Orders of the Industrial Welfare Commission;

7. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including those pursuant to the Labor Code;

8. For injunctive relief and/or restitution as provided by the Labor Code and Business and Professions Code § 17200, *et seq.*;

9. For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 203, 204, 208, 210, 218.6, 226, 226.3, 226.7, 256, 510, 512, 558, 1194, 1194.2, 1197 and 2802, among other sections inadvertently omitted;

10. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties according to proof, including interest thereon;

11. For pre- and post-judgment interest; and

12. For such other relief as the Court deems just and proper.

Dated: September 10, 2018        FERNANDEZ & LAUBY LLP

BY: _____
       Brian J. Mankin, Esq.
       Misty M. Lauby, Esq.
       Attorneys for Plaintiff

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com