**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA GARCIA and KARINA ANDRADE, individually, on a representative basis, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TAPESTRY, INC., a Maryland Corporation which will do business in California as Coach Leatherware California, Inc. DBA Coach; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: ED CV 18-1537-DMG (SHKx)<br><br>**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [66]** |

The Court has reviewed and considered Plaintiffs Norma Garcia and Karina Andrade and Defendant Tapestry Inc.'s Class Action Settlement Agreement [Doc. # 60-2], as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement [Doc. # 66], Plaintiffs' Motion for Attorneys' Fees, Costs, And Incentive Awards [Doc. # 65], together with all exhibits thereto, and the statements made by the Parties and their counsel at the telephonic Final Approval Hearing held on May 29, 2020. Due and adequate notice having been given to the Class, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order ("Judgment"), refers to all defined terms (*i.e.*, terms with initial capitalization) as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter over this Action, the Class Representatives, the Class Members, and Defendant.

3. The Court finds that the distribution of the Class Notice, as provided for in the Order Granting Preliminary Approval for the Settlement [Doc. # 64], constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of applicable law and due process under the California and United States Constitutions. Based on evidence and other material submitted, the actual notice to the Class was adequate.

4. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement and each of the releases and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

5. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6. For purposes of effectuating this Order and Judgment, this Court has certified the following Settlement Class:

All non-exempt employees employed by Tapestry, Inc., at any "Coach" branded store in California as an Associate Store Manager, Assistant Store Manager, Acting Associate Store Manager, or Acting Assistant Store Manager at any time from June 13, 2014 to January 24, 2020.

7. With respect to the Settlement Class and for purposes of approving this Settlement, this Court finds and concludes as follows: (a) the Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class Members, and there is a well-defined community of interest among the Class Members with respect to the subject matter of the Action; (c) the claims of the Class Representatives are typical of the claims of the Class Members; (d) the Class Representatives have fairly and adequately protected the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class Counsel, are qualified to serve as counsel for the Plaintiffs in their individual and representative capacities and for the Settlement Class.

8. By this Order, the Class Representatives shall release, relinquish, and discharge, and each of the Participating Class Members (excluding those who opted-out) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Settlement Agreement.

9. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant or any of Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of

Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendant or any of the Released Parties may file the Settlement Agreement and/or the Judgment from this Action in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Class Members who did not timely opt out (Request Exclusion) are entitled to payment pursuant to this Judgment.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

11. Class Counsel sought an award of attorneys' fees equal to one-third of the Gross Settlement Amount, or $331,666.66, litigation costs and expenses of $30,609.35, settlement administrator costs of $15,000 to CPT Group, a PAGA payment to the LWDA in the amount of $15,000, and a service award to Plaintiffs and Class Representatives Norma Garcia and Karina Andrade of $10,000 each.  Defendant does not oppose these requests.  Because the Court's review of Class Counsel's timesheets reveals some block billing, several double-billed amounts in January 2019, and excessive hours billed for travel at the attorneys' regular rates, and because the results for the Class are relatively modest when compared to other similar class settlements for which the Court has granted one-third of the fund as attorneys' fees, the Court grants attorneys' fees in the amount of 30% of the Gross Settlement Amount, or $298,700.

12. The Court finds that the Gross Settlement Amount is fair, reasonable, and adequate, and awards the payments set forth below from the Settlement Amount:

    a)     $298,700 to Class Counsel for attorneys' fees;
    b)     $30,609.35 to Class Counsel for costs/expenses;
    c)     up to $15,000 to the Settlement Administrator, CPT Group;
    d)     $15,000 to the LWDA as PAGA penalties;

e)   $10,000 each to Class Representatives Norma Garcia and Karina Andrade as a Service Award;

f)   no more than $29,428.96 for the employer's share of payroll taxes ;

g)   After deducting the foregoing payments, the remainder shall form the Net Settlement Amount payable to Participating Class Members for the value of their Individual Settlement Amounts in accordance with the Settlement Agreement and as calculated by the Settlement Administrator.

13.   Defendant is directed to make payments in accordance with the Settlement Agreement, by and through the Settlement Administrator, in accordance with the Settlement Agreement.  The Settlement Administrator is directed to calculate the Individual Settlement Amounts from the Net Settlement Amount and issue all payments in accordance with the Settlement Agreement.

14.   The Court approves the handling of unclaimed funds set forth in the Motion for Final Approval.  Specifically, any unclaimed funds in the Settlement Administrator's account as a result of a failure to timely cash a settlement check shall be issued to the State Controller in the name of the Participating Class Member.

15.   This Order shall constitute a Judgment, and the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

IT IS SO ORDERED.

DATED:  May 29, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE